376 F.2d 851
 WESTERN CONTRACTING CORPORATION and the Aetna Casualty & Surety Company, defendants, and Leslie Miller, Incorporated, and the Aetna Casualty & Surety Company, cross-defendants, Appellants,
v.
UNITED STATES of America for the Use and Benefit of ENCRETE, INC., a corporation, Appellee.
ENCRETE, INC., Appellant,
v.
WESTERN CONTRACTING CORPORATION and the Aetna Casualty & Surety Company, Appellees.
 No. 10956.
 No. 10957.
 United States Court of Appeals Fourth Circuit.
 Argued March 9, 1967.
 Decided April 28, 1967.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria; Oren R. Lewis, Judge.
 George E. Cranwell, Washington, D. C. (Rutherford Day, and Cranwell & Best, Washington, D. C., on brief), for appellees in No. 10,956 and appellant in No. 10,957.
 Thomas S. Jackson and Ernest L. Ruffner, Washington, D. C. (Jackson, Gray & Laskey, Washington, D. C., on brief), for Leslie Miller, Inc., appellant in No. 10,956.
 Before SOBELOFF, BELL and WINTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action was brought under the provisions of the Miller Act, 40 U.S.C. § 270b (1964), by use plaintiff Encrete, Inc., against Western Contracting Corporation and its surety, Aetna Casualty & Surety Company, to recover amounts allegedly due under a contract between Encrete and Leslie Miller, Inc. Leslie Miller, Inc. is a cross-defendant. In these appeals, the interests of all defendants are identical.
 
 
 2
 During the years 1960 to 1962, Encrete performed certain construction work at Dulles International Airport, Chantilly, Virginia, pursuant to a contract between it and Leslie Miller, Inc., who was a subcontractor of Western Contracting, the prime contractor. This action was commenced in the federal district court as a result of a dispute between Encrete and Leslie Miller, Inc. as to how much money remained due Encrete under its contract. The district court appointed a special master for the purpose of taking evidence and reporting his findings on all disputed issues to the court. After considering the exceptions of all parties to the special master's report, the district court approved the report and entered judgment in accordance with it. Both sides appealed.
 
 
 3
 All parties have vigorously argued in their briefs and in oral presentation before this Court that various errors of fact and law were made by the special master and approved by the district court. We have considered the arguments and examined carefully the special master's report and the record, and we find no ground for reversal.
 
 The judgment of the district court is
 
 4
 Affirmed.*
 
 
 
 Notes:
 
 
 *
 Judge Bell, who participated in this case, and expressed himself fully in accord with the result reached herein, died before the opinion was filed